UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JONATHAN PARKER,

    Plaintiff,

v.                                           Case No. 3:17cv150-LC-CJK

MARK T. RAAB,

    Defendant.

_____/

REPORT AND RECOMMENDATION

This case is before the court on defendant Raab's Motion for Summary Judgment. (Doc. 34). Plaintiff did not respond in opposition. The matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). After reviewing the motion, the record, and the relevant law, the undersigned recommends that the motion be granted because plaintiff has not established a genuine dispute of material fact regarding whether Raab used excessive force on February 16, 2015.

BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, proceeding *pro se* and *in forma pauperis*, commenced this action on February 22, 2017, by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). The amended complaint, the operative pleading, names a single defendant—Mark T. Raab, a correctional officer at Okaloosa Correctional

Institution ("Okaloosa CI"). (Doc. 21). The amended complaint alleges Raab violated the Eighth Amendment by using excessive force on plaintiff on February 16, 2015. As relief, plaintiff seeks damages, release from prison, and Raab's termination.

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he plain language of Rule 56(a) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of fact is "material" if it might affect the outcome of the case under the governing law, and it is "genuine" if the record taken as a whole could lead a rational fact finder to find for the nonmoving party. *Id.* Summary judgment is not appropriate "if a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a

genuine issue of material fact." *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 594 (11th Cir. 1995). Generally, a court must view the facts in the light most favorable to the nonmoving party (here, plaintiff) and draw all reasonable inferences in favor of that party. *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009). The court may not, however, accept any facts that are "blatantly contradicted by the record, so that no reasonable jury could believe [them]." *Scott v. Harris*, 550 U.S. 372, 380 (2007). Moreover, "the nonmoving party cannot create a genuine issue of material fact through speculation, conjecture, or evidence that is 'merely colorable' or 'not significantly probative.'" *Vega v. Invsco Group, Ltd.*, 432 F. App'x 867, 869-70 (11th Cir. 2011). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (*citing Anderson*, 477 U.S. at 251).

## FACTS

### Plaintiff's Version of Events

The amended complaint sets forth some pertinent factual matters from plaintiff's perspective.[1] (Doc. 21). At Okaloosa CI on February 16, 2015, an unknown sergeant ordered plaintiff to pack his property. The sergeant left plaintiff's

---

[1] Because plaintiff signed the complaint under penalty of perjury, pursuant to 28 U.S.C. § 1746 it is the functional equivalent of an affidavit.

cell and returned with defendant Raab. The officers handcuffed plaintiff, placed him in leg shackles, and began escorting him to a different area of the prison. While walking up a set of steel stairs, Raab "threw" plaintiff down on the stairs and attempted to throw him "over and through the railing and down the stairs." The unknown sergeant came to assist Raab and Raab tossed plaintiff's property over the railing to the bottom floor. The officers subsequently took plaintiff to the medical department to be seen by a nurse. Plaintiff's injuries were photographed, and he was later interviewed about the incident. Plaintiff was then transferred to Santa Rosa Correctional Institution and received another medical examination.

Defendant's Version of Events

Defendant Raab submitted audio recordings of sworn interviews Inspector Henderson conducted with plaintiff, Raab, Officer Francis, Captain Griffin, and Nurse Eiriksson following the February 16, 2015, incident. During his interview, plaintiff stated a sergeant told him to pack his property in preparation for placement in close management. After plaintiff questioned the reason for his placement in close management, an officer named "Izzy," threatened plaintiff. After handcuffing and shackling plaintiff, Izzy threatened plaintiff again. During the escort, Izzy threw plaintiff down on the stairs. Izzy pulled plaintiff's leg, tried to push him down the stairs, slammed his head into the stairs, and threw plaintiff's property bag on the floor. A tall, black, Jamaican officer stood nearby while these events unfolded.

Eventually, a sergeant entered the area and asked what was happening. The sergeant helped plaintiff to his feet and, along with Izzy, escorted plaintiff to a cell upstairs. Later, plaintiff was taken for an examination by a nurse. During the examination, the sergeant told plaintiff that his "momma look like she had a crack baby." After plaintiff told the sergeant not to talk about his mother, the sergeant told plaintiff to "shut the fuck up" and "quit acting like a kid." The sergeant also told plaintiff he "didn't give a fuck about [plaintiff] or his momma."

In his interview, defendant Raab stated he was not present when the incident with plaintiff on the stairs occurred. After Raab entered the area and saw plaintiff lying on the stairs, Raab helped Officer Izquierdo (i.e., Officer "Izzy") pick plaintiff up from the stairs to his feet. While escorting plaintiff to a cell, Raab asked plaintiff if he needed medical attention, but plaintiff did not respond. Nevertheless, Raab later took plaintiff to the medical department for an examination. Plaintiff became agitated during the examination, and Raab told him he was "acting like a child," "acting retarded," and "acting like a crack baby." Raab also asked plaintiff if he was a crack baby.

Officer Gerald Francis also gave a sworn statement to Inspector Henderson. Francis stated he was assisting Officer Izzy when the incident on the stairs occurred. Francis says plaintiff leaned forward while climbing the steps and then leaned backwards, laid down on the steps, and refused to move. When Raab arrived,

Francis left the area to watch another inmate. Francis also helped Raab escort plaintiff to the medical examination but Francis did not recall any of the statements made at that time.

Captain Joseph Griffin's sworn statement indicates he did not witness the incident on the stairs. He arrived at the medical department during plaintiff's examination. Plaintiff told Griffin that Officer Izquierdo had pushed him down the stairs and stepped on his head.

Nurse Athena Eiriksson's sworn statement indicates that during her examination of plaintiff, she observed "some scrapes along [plaintiff's] left leg" and "a bump on his head." Plaintiff told Eiriksson that Officer Izzy had pushed plaintiff on the stairs. Eiriksson also said Raab told plaintiff "I bet your mom was a crack whore, I can tell."

## DISCUSSION

Plaintiff signed the amended complaint under penalty of perjury. (Doc. 21, p. 5). Generally, the facts alleged in a sworn complaint would be considered when ruling on a defendant's motion for summary judgment. *See Sammons v. Taylor*, 967 F.2d 1533, 1545 n.5 (11th Cir. 1992) ("[F]acts alleged in an inmate's sworn pleading are sufficient [to establish a genuine dispute of material fact] and . . . a separate affidavit is not necessary."); *Perry v. Thompson*, 786 F.2d 1093, 1095 (11th Cir. 1986) (holding specific facts in a sworn complaint must be considered in opposition

to a motion for summary judgment). Nevertheless, a court may disregard an affidavit used to oppose a motion for summary judgment when the affidavit is contradicted by affiant's sworn testimony. *See Furcron v. Mail Ctrs. Plus, LLC*, 843 F.3d 1295, 1306 (11th Cir. 2016) ("The Eleventh Circuit, in limited circumstances, allows a court to disregard an affidavit as a matter of law when, without explanation, it flatly contradicts his or her own prior deposition testimony for the transparent purpose of creating a genuine issue of fact where none existed previously."); *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1240 n.7 (11th Cir. 2003) (A court "may disregard an affidavit submitted solely for the purpose of opposing a motion for summary judgment when that affidavit is directly contradicted by deposition testimony.").

Here, the amended complaint (the functional equivalent of an affidavit) alleges defendant Raab pushed plaintiff on the stairs during an escort between cells. That allegation, however, is directly contradicted by the sworn statement plaintiff gave on the same day the incident occurred, when plaintiff identified the person who allegedly abused him as Officer Izzy. Similarly, the sworn statements made by Raab, Francis, Griffin, and Eiriksson indicate Officer Izzy, not defendant Raab, was the individual who allegedly harmed plaintiff on the stairs. Because plaintiff's contemporaneous sworn statement regarding the identity of the purported abuser conflicts with the allegations in the amended complaint, and plaintiff has not

explained the discrepancy, the court should disregard the complaint's allegations for purposes of summary judgment.[2] *See Van T. Junkins & Assocs., Inc. v. U.S. Indus., Inc.*, 736 F.2d 656, 657 (11th Cir. 1984) ("When a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony."). The remaining evidence establishes Raab is entitled to summary judgment on plaintiff's Eighth Amendment excessive force claim because no reasonable jury could conclude Raab participated in the alleged abuse on the stairs.

Plaintiff did tell Inspector Henderson that Raab made comments about a "crack baby" during Nurse Eiriksson's examination. Allegations of verbal abuse, however, are not sufficient to state a claim under the Eighth Amendment. *See Hernandez v. Florida Dep't of Corr.*, 281 Fed. App'x 862, 866 (11th Cir. 2008) (noting "verbal abuse alone is insufficient to state a constitutional claim"); *Ayala v. Terhune*, 195 F. App'x 87, 92 (3d Cir. 2006) ("[A]llegations of verbal abuse, no matter how deplorable, do not present actionable claims under § 1983."); *McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) ("[A]cts . . . resulting in an inmate

---

[2] In the initial complaint, plaintiff identified the individual who threw him down on the stairs as "Officer William D. Salmon." (Doc. 1). After the Florida Department of Corrections advised the court it did not employ Salmon (doc. 19), the court ordered plaintiff to file an amended complaint naming the correct defendant (doc. 20).

Case No. 3:17cv150-LC-CJK

being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment.").

Accordingly, it is respectfully RECOMMENDED:

1. That defendant Raab's Motion for Summary Judgment (doc. 34) be GRANTED.

2. That the clerk be directed to enter judgment in favor of defendant Raab and against plaintiff.

3. That the clerk be directed to close the file.

At Pensacola, Florida, this 20th day of February, 2019.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.

Case No. 3:17cv150-LC-CJK